**THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  *ex rel.* BUD CONYERS, )<br>                     )<br>      Plaintiffs, )<br>                     )<br>          v. )<br>                     )<br>KELLOGG BROWN & ROOT, INC., )<br>  *et al.*, )<br>                     )<br>      Defendants. )<br>_____) | Case No. 4:12-cv-04095-SLD-JEH |

**DEFENDANTS' ANSWER TO THE COMPLAINT
OF THE UNITED STATES OF AMERICA**

Defendants Kellogg Brown & Root, Inc., Kellogg Brown & Root Services, Inc. ("KBRSI"), Kellogg Brown & Root LLC, and Overseas Administrative Services, Ltd. ("OAS") (collectively, "Defendants" or "KBR"),[1] submit this Answer to the Complaint of the United States of America [Dkt. 55].

## I.  INTRODUCTION

Under the LOGCAP III contract, KBR provided essential wartime support to American troops from the earliest days of the Iraq war.  KBR accomplished this mission in a challenging wartime environment despite the unanticipated ballooning of military demands.  Throughout this process, KBR worked diligently and ethically alongside the military to deter and detect misconduct and to manage procurements as well as possible under exigent circumstances.

---

[1] Named defendant "Kellogg Brown & Root, Inc." is a predecessor entity to Kellogg Brown & Root LLC and ceased to exist as of December 31, 2005.  The extant Defendant entities are, for convenience only, referred to collectively as "Defendants" or "KBR."  Only KBRSI has contract responsibility under the Logistics Civil Augmentation Program ("LOGCAP") III contract.  The other Defendants are improperly named because the Complaint contains no allegations concerning actionable acts or omissions by them.

KBR designed and implemented a comprehensive internal compliance program that resulted in reporting the potential misconduct of several of the former KBR employees involved in this case. Upon learning of these issues, KBR promptly disclosed them to the government and voluntarily tendered credits to the government where appropriate. KBR also cooperated fully with the government's investigations and prosecutions (including the government's failure to convict former KBR employee Jeffrey Mazon after two lengthy trials), responding to dozens of subpoenas, making numerous witnesses available to testify, and producing over a million pages of documents. Throughout the criminal investigations and prosecutions, the government maintained that KBR, like the military, had been a victim of the alleged crimes.

Now, more than ten years later, the government has hijacked a decade-old refrigerated trailer *qui tam* suit, transferred it *ex parte* from the Southern District of Texas, and alleged wholesale corruption of the very procurements from which the military benefited during the war. The government has targeted KBR with a factually flawed complaint that alleges nonexistent and immaterial faults with historical procurements. The complaint rests on an equally flawed legal theory that *any* procurement irregularity or employee misconduct automatically renders KBR liable for fraud. In the end, however, the evidence will show that KBR acted in good faith and consistent with its contractual obligations.

## II. SPECIFIC ALLEGATIONS

Headings in the Complaint are not factual allegations and require no response. To the extent a response is required, they are all denied. Many of the Complaint's allegations are apparently based on a review of certain documents in the Government's possession. With respect to those allegations, Defendants' responses will defer to those documents to their content and deny any characterizations or conclusions that are not consistent with the language of the

document or documents. Petitioner's opening paragraph consists of legal conclusions to which no response is required.

1. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

2. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

3. The Complaint does not contain a paragraph 3.

4. This paragraph states a legal conclusion to which no response is required. To the extent any further response is required, the allegations are denied.

5. Defendants admit that the United States is the plaintiff in this Complaint.

6. Only one of the named defendants, KBRSI, has contract responsibility under the LOGCAP III contract.

    a. Defendants admit that the Army awarded the LOGCAP III contract to Brown & Root Services in December 2001. Defendants admit that, at the time LOGCAP III was awarded, Brown & Root Services was a division of Kellogg Brown & Root, Inc., then owned by Halliburton Company. Defendants admit that in July 1, 2003, Kellogg Brown & Root, Inc. transferred its obligations and liabilities for the LOGCAP III contract to KBRSI.

    b. Defendants admit that KBR, Inc. is a publicly traded Delaware corporation. Defendants admit that Kellogg Brown & Root LLC is a successor to Kellogg, Brown & Root, Inc. and has its principal office and place of business at 601 Jefferson Street, Houston, Texas 77002. Defendants admit that Kellogg Brown & Root Services, Inc. was initially owned by Kellogg Brown & Root, Inc. and since December 31, 2005 has been owned by

KBR Holdings, LLC. Defendants admit that Brown & Root Services was a division of Kellogg Brown & Root, Inc.

       c.        Defendants admit that Overseas Administration Services ("OAS") is a payroll company through which some KBRSI personnel assigned to the LOGCAP III contract to perform work on behalf of KBRSI were retained. Defendants deny that KBRSI has direct employees. Defendants admit that KBR Technical Services, Inc. recruited and trained some employees for OAS. Defendants admit that OAS is incorporated in the Cayman Islands and is headquartered in Dubai and is a wholly-owned subsidiary of KBR Group Holdings, LLC. Defendants admit that KBR Technical Services is an affiliate of Kellogg Brown & Root LLC. The remaining allegations of this paragraph are denied.

       7.      Defendants admit that KBRSI awarded multiple subcontracts to La Nouvelle General Trading Company, WLL, La Nouvelle General Trading & Contracting Company, WLL, La Nouvelle General Trading & Contracting Corp., or La Nouvelle General Trading and Construction Corp. (collectively, "La Nouvelle") under LOGCAP III for the delivery of goods and services to support the United States military in Iraq and Kuwait. Defendants lack sufficient information to admit or deny the remaining allegations. To the extent any further response is required, the allegations are denied.

       8.      Defendants admit that KBRSI awarded multiple subcontracts to First Kuwaiti Trading Company, First Kuwaiti Trading and Contracting, First Kuwaiti General Trading & Contracting Company, First Kuwaiti General Trading and Contracting Company, WLL, or First Kuwaiti Trading & Contracting, WLL (collectively, "First Kuwaiti") under LOGCAP III for the delivery of goods and services to support the United States military in Iraq and Kuwait.

Defendants lack sufficient information to admit or deny the remaining allegations. To the extent any further response is required, the allegations are denied.

9. Admit.

10. Admit.

11. Defendants admit that many task orders awarded under LOGCAP III were cost-reimbursable task orders, under which KBRSI billed the Government for its allowable costs incurred to provide the services required under the task orders, plus a base fee of one percent of its definitized costs and an award fee of up to two percent of definitized costs. To the extent any further response is required, the allegations are denied.

12. Defendants admit that KBRSI hired companies as subcontractors to perform services under LOGCAP III. Defendants admit that subcontractors invoiced KBRSI for services provided and that, as appropriate, KBRSI submitted vouchers to the Government for its costs under the subcontracts, plus administrative costs and fees. Defendants admit that a certifying official executed the vouchers. Defendants defer to the FAR as to its content and deny any characterizations or conclusions not consistent with the language of the FAR. Defendants lack sufficient information to admit or deny the remaining allegations. To the extent any further response is required, the allegations are denied.

13. This paragraph states a legal conclusion to which no response is required. Defendants defer to the FAR as to its content and deny any characterizations or conclusions not consistent with the language of the FAR. To the extent a response is required, the allegations are denied.

14. This paragraph states a legal conclusion to which no response is required. Defendants defer to the FAR as to its content and deny any characterizations or conclusions not

consistent with the language of the FAR. To the extent a response is required, the allegations are denied.

15.     This paragraph states a legal conclusion to which no response is required. Defendants defer to the FAR as to its content and deny any characterizations or conclusions not consistent with the language of the FAR. To the extent a response is required, the allegations are denied.

16.     This paragraph states a legal conclusion to which no response is required. Defendants defer to the FAR as to its content and deny any characterizations or conclusions not consistent with the language of the FAR. To the extent a response is required, the allegations are denied.

17.     This paragraph states a legal conclusion to which no response is required. Defendants defer to the FAR as to its content and deny any characterizations or conclusions not consistent with the language of the FAR. To the extent a response is required, the allegations are denied.

18.     Defendants admit that KBRSI maintained a Government Procurement Procedures Manual (Oct. 1993 ed.), which was periodically amended and ultimately superseded by a new edition in 2004 (collectively, the "Manual"). Defendants defer to the Manual as to its contents and deny any characterizations or conclusions not consistent with the language of the Manual.

19.     This paragraph states a legal conclusion to which no response is required. Defendants admit that the KBR purchasing systems were approved by the Department of Defense. Defendants lack sufficient information to admit or deny the remaining allegations, and they are therefore denied.

20.     The Complaint does not contain a paragraph 20.

21.     Defendants defer to the Manual as to its contents and deny any characterizations or conclusions not consistent with the language of the Manual.  To the extent a response is required, the allegations are denied.

22.     Defendants defer to the Manual as to its contents and deny any characterizations or conclusions not consistent with the language of the Manual.  To the extent a response is required, the allegations are denied.

23.     Defendants defer to the Manual as to its contents and deny any characterizations or conclusions not consistent with the language of the Manual.  To the extent a response is required, the allegations are denied.

24.     Defendants defer to the Manual as to its contents and deny any characterizations or conclusions not consistent with the language of the Manual.  To the extent a response is required, the allegations are denied.

25.     Defendants defer to the Manual as to its contents and deny any characterizations or conclusions not consistent with the language of the Manual.  To the extent a response is required, the allegations are denied.

26.     Defendants defer to the Manual as to its contents and deny any characterizations or conclusions not consistent with the language of the Manual.  To the extent a response is required, the allegations are denied.

27.      Defendants defer to the Manual as to its contents and deny any characterizations or conclusions not consistent with the language of the Manual.  To the extent a response is required, the allegations are denied.

28.     Defendants defer to the Manual as to its contents and deny any characterizations or conclusions not consistent with the language of the Manual.  To the extent a response is required, the allegations are denied.

29.     This paragraph states legal conclusions to which no response is required. Defendants defer to the LOGCAP III contract, the FAR, and the Anti-Kickback Act as to their contents and deny any characterizations and conclusions not consistent with the language of the documents.  To the extent a response is required, the allegations are denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Defendants lack sufficient information to admit or deny the allegations of this paragraph.  To the extent a response is required, the allegations are denied.

34.     Defendants lack sufficient information to admit or deny the allegations of this paragraph.  To the extent a response is required, the allegations are denied.

35.     The allegations in this paragraph appear to be based on Seamans' plea agreement. Defendants defer to this document as to its content and deny any characterizations and conclusions not consistent with the language of the document.  Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph.  To the extent any further response is required, the allegations are denied.

36.     The allegations in this paragraph appear to be based on Mazon's misdemeanor false certification plea agreement, which was entered into after the government failed to convict Mazon in each of two prior trials alleging fraud and kickbacks.  Defendants defer to this document as to its content and deny any characterizations and conclusions not consistent with the

language of the document. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

37. Defendants admit that KBRSI executed two change orders for Subcontract 11. Defendants defer to the change orders as to their contents and deny any characterizations and conclusions not consistent with the language of the documents. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

38. Defendants lack sufficient information to admit or deny the allegations of this paragraph. To the extent any further response is required, the allegations are denied.

39. Defendants lack sufficient information to admit or deny the allegations of this paragraph. To the extent any further response is required, the allegations are denied.

40. The allegations in this paragraph appear to be based on Martin's plea agreement. Defendants defer to this document as to its content and deny any characterizations and conclusions not consistent with the language of the document. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

41. Defendants lack sufficient information to admit or deny the allegations of this paragraph. To the extent a response is required, the allegations are denied.

42. Defendants admit that KBRSI awarded First Kuwaiti a $3.31 million subcontract for 60 tractors. Some of the allegations in this paragraph appear to be based on Martin's plea agreement. Defendants defer to this document as to its contents and deny any characterizations and conclusions not consistent with the language of the document. Defendants lack sufficient

information to admit or deny the remaining allegations and this paragraph. To the extent any further response is required, the allegations are denied.

43. Defendants lack sufficient information to admit or deny the allegations of this paragraph. To the extent a response is required, the allegations are denied.

44. This paragraph states a legal conclusion to which no response is required. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent a response is required, the allegations are denied.

45. Defendants admit that a solicitation for Subcontract 11 for cleaning services was issued by KBRSI on November 7, 2002. Some allegations in this paragraph appear to be based on Martin's plea agreement. Defendants defer to this document as to its content and deny any characterizations and conclusions not consistent with the language of the document. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

46. Defendants lack sufficient information to admit or deny that Seamans consistently ignored mandated procurement procedures in awarding Subcontract 11.

a. Defendants admit that KBRSI awarded Subcontract 11 to La Nouvelle. Some allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their content and deny any characterizations and conclusions not consistent with the language of these documents. To the extent any further response is required, the allegations are denied.

b. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations and conclusions not consistent with the language of those documents.

Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph. To the extent any further response is required, the allegations are denied.

     c.     Defendants lack sufficient information to admit or deny the allegations in this paragraph. To the extent any further response is required, the allegations are denied.

     d.     Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations and conclusions not consistent with the language of those documents. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph. To the extent any further response is required, the allegations are denied.

47.     Defendants admit that Subcontract 11 was executed between KBRSI and La Nouvelle on November 20, 2002, for KWD 29,784. Defendants defer to Subcontract 11 as to its contents and deny any characterizations or conclusions not consistent with the language of the document. Defendants lack sufficient information to admit or deny kickbacks in connection with Subcontract 11. To the extent any further response is required, the allegations are denied.

48.     Defendants lack sufficient information to admit or deny the allegations of this paragraph. To the extent any further response is required, the allegations are denied.

49.     This paragraph states a legal conclusion to which no response is required. Defendants admit that Change Order 1 to Subcontract 11 was executed by KBRSI on December 20, 2002. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations and conclusions not consistent with the language of those documents. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

50. Defendants admit that Change Order 2 to Subcontract 11 was executed by KBRSI on April 25, 2003. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations and conclusions not consistent with the language of those documents. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

51. This paragraph states a legal conclusion to which no response is required. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

52. Defendants lack sufficient information to admit or deny the allegations of this paragraph. To the extent any further response is required, the allegations are denied.

53. Defendants admit that La Nouvelle invoiced its work on Subcontract 11. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations or conclusions not consistent with the language of these documents. To the extent any further response is required, the allegations are denied.

a. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations or conclusions not consistent with the language of these documents. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

b. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any

characterizations or conclusions not consistent with the language of these documents. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

c. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations or conclusions not consistent with the language of these documents. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

54. Defendants admit that KBRSI received and paid invoices in connection with Subcontract 11. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations or conclusions not consistent with the language of these documents. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

55. Defendants defer to Task Order 36 as to its contents and deny any characterizations or conclusions not consistent with the language of the document. To the extent any further response is required, the allegations are denied.

56. Defendants admit that KBRSI issued a Materials Requisition on January 26, 2003. Defendants defer to the Materials Requisition as to its contents and deny any characterizations or conclusions not consistent with the language of this document. To the extent any further response is required, the allegations are denied.

57. Defendants admit that KBRSI solicited bids for Subcontract 39 on February 2, 2003. To the extent any further response is required, the allegations are denied.

58.     Defendants admit that KBRSI awarded Subcontract 39 to La Nouvelle for KWD 1,673,100.  Some of the allegations in this paragraph appear to be based on a document or documents.  Defendants defer to these documents as to their contents and deny any characterizations or conclusions not consistent with the language of these documents.  Defendants lack sufficient information to admit or deny the remaining allegations.  To the extent any further response is required, the allegations are denied.

59.     Defendants lack sufficient information to admit or deny intentional manipulation of procurement procedures by Mazon to award Subcontract 39 to La Nouvelle at an inflated price.

a.     Some of the allegations in this paragraph appear to be based on a document or documents.  Defendants defer to these documents as to their contents and deny any characterizations or conclusions not consistent with the language of these documents.  Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph.  To the extent any further response is required, the allegations are denied.

b.     Some of the allegations in this paragraph appear to be based on a document or documents.  Defendants defer to these documents as to their contents and deny any characterizations or conclusions not consistent with the language of these documents.  Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph.  To the extent any further response is required, the allegations are denied.

c.     Some of the allegations in this paragraph appear to be based on Mazon's plea agreement and another document or documents.  Defendants defer to these documents as to their contents and deny any characterizations and conclusions not consistent with the language of the documents.  Defendants lack sufficient information to admit or deny the remaining

allegations of this paragraph.  To the extent any further response is required, the allegations are denied.

d.      Some of the allegations in this paragraph appear to be based on a document or documents.  Defendants defer to these documents as to their contents and deny any characterizations or conclusions not consistent with the language of these documents. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph.  To the extent any further response is required, the allegations are denied.

60.     Defendants admit that, as awarded, the monthly price of Subcontract 39 was KWD 278,850.  Defendants admit that La Nouvelle submitted invoices for Subcontract 39. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their content and deny any characterizations and conclusions not consistent with the language of the documents.  Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph.  To the extent any further response is required, the allegations are denied.

61.     Defendants admit that KBRSI issued Change Order 1 under Subcontract 39. Defendants defer to Change Order 1 as to its contents and deny any characterizations or conclusions not consistent with the language of this document.  To the extent any further response is required, the allegations are denied.

62.     Defendants admit to payment of invoices under Subcontract 39.  Some of the allegations in this paragraph appear to be based on a document or documents.  Defendants defer to these documents as to their contents and deny any characterizations or conclusions not consistent with the language of these documents.  Defendants lack sufficient information to

admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

63. Defendants admit to payment of invoices under Subcontract 39. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

64. Defendants admit that KBRSI issued Change Order 2 under Subcontract 39 on October 15, 2003. Defendants defer to Change Order 2 as to its contents and deny any characterizations or conclusions not consistent with the language of this document. Defendants admit that the original award amount of Subcontract 39 was KWD 1,673,100. To the extent any further response is required, the allegations are denied.

65. This paragraph states a legal conclusion to which no response is required. Defendants lack sufficient information to admit or deny the allegations of this paragraph. To the extent any further response is required, the allegations are denied.

66. This paragraph states a legal conclusion to which no response is required. Defendants lack sufficient information to admit or deny the allegations of this paragraph. To the extent any further response is required, the allegations are denied.

67. This paragraph states a legal conclusion to which no response is required. Defendants admit to currency conversion errors that increased the value of the subcontract lack sufficient information to admit or deny that the invoices were intentionally inflated. To the extent any further response is required, the allegations are denied.

68. Defendants lack sufficient information to admit or deny the allegations of this paragraph. To the extent any further response is required, the allegations are denied.

69.     Defendants defer to LOGCAP III, Task Order 36, Change 6, as to its contents and deny any characterizations or conclusions not consistent with the language of the document. To the extent any further response is required, the allegations are denied.

70.     Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations or conclusions not consistent with the language of these documents. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

71.     Defendants admit that Subcontract 124 between KBRSI and La Nouvelle was awarded on June 20, 2003 for KWD 254,400 to provide the lease of fuel tankers for fuel storage and dispensing. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

72.     Defendants lack sufficient information to admit or deny that Mazon ignored mandated procurement procedures in awarding Subcontract 124 to La Nouvelle.

a.     Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their content and deny any characterizations and conclusions not consistent with the language of the documents. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

b.     Defendants lack sufficient information to admit or deny the allegations of this paragraph. To the extent any further response is required, the allegations are denied.

c.     Defendants lack sufficient information to admit or deny the allegations of this paragraph.  To the extent any further response is required, the allegations are denied.

73.     Some of the allegations in this paragraph appear to be based on a document or documents.  Defendants defer to these documents as to their content and deny any characterizations and conclusions not consistent with the language of the documents. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph.  To the extent any further response is required, the allegations are denied.

74.     Some of the allegations in this paragraph appear to be based on a document or documents.  Defendants defer to these documents as to their content and deny any characterizations and conclusions not consistent with the language of the documents. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph.  To the extent any further response is required, the allegations are denied.

75.     Defendants admit that KBRSI paid La Nouvelle for services provided under Subcontract 124.  This paragraph states legal conclusions to which no response is required.  To the extent any further response is required, the allegations are denied.

76.     Defendants admit that KBRSI solicited proposals for Subcontract 51 in February of 2003.  Some of the allegations in this paragraph appear to be based on a document or documents.  Defendants defer to these documents as to their content and deny any characterizations and conclusions not consistent with the language of the documents. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph.  To the extent any further response is required, the allegations are denied.

77.     Some of the allegations in this paragraph appear to be based on a document or documents.  Defendants defer to these documents as to their contents and deny any

characterizations and conclusions not consistent with the language of those documents. To the extent any further response is required, the allegations are denied.

78.    Defendants admit that KBRSI awarded Subcontract 51 to La Nouvelle for KWD 240,000 on March 6, 2003. To the extent any further response is required, the allegations are denied.

79.    Defendants admit that Change Order 4 to Subcontract 51 was issued by KBRSI on June 17, 2003. Defendants admit that Change Order 4 increased the price to KWD 603,982. Defendants admit that La Nouvelle submitted invoices under the subcontract and that KBR paid invoices under the subcontract. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

80.    Defendants admit that KBRSI awarded Subcontract 53 to La Nouvelle for the lease of eight buses for KWD 80,000 on March 17, 2003. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations and conclusions not consistent with the language of those documents. Defendants deny that Subcontract 53 was awarded on a sole source basis. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

81.    Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations and conclusions not consistent with the language of those documents. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

82. Defendants admit that KBRSI issued Change Order 1 on June 7, 2003. Defendants admit that La Nouvelle invoiced under the subcontract as revised by Change Order 1 and that KBRSI paid for invoices under this subcontract. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations and conclusions not consistent with the language of those documents. To the extent any further response is required, the allegations are denied.

83. Defendants admit that KBRSI awarded Subcontract 63 to La Nouvelle for five fuel trucks at KWD 6,500 per truck per month. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations and conclusions not consistent with the language of those documents. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

84. Defendants lack sufficient information to admit or deny that Mazon ignored mandated procurement procedures in awarding the subcontract.

a. Defendants lack sufficient information to admit or deny the allegations of this paragraph. To the extent any further response is required, the allegations are denied.

b. Defendants admit that there are Bid Tabulation/Justification Worksheets in KBRSI's file for Subcontract 63. Defendants defer to these Bid Tabulation/Justification Worksheets as to their contents and deny any characterizations and conclusions not consistent with the language of those documents. To the extent any further response is required, the allegations are denied.

85.     Defendants admit that La Nouvelle invoiced under Subcontract 63 and that KBRSI paid.  To the extent any further response is required, the allegations are denied.

86.     Some of the allegations in this paragraph appear to be based on a document or documents.  Defendants defer to these documents as to their contents and deny any characterizations and conclusions not consistent with the language of those documents.  To the extent any further response is required, the allegations are denied.

87.     Defendants admit that KBRSI awarded Subcontract 240 to La Nouvelle. Defendants lack information to admit or deny the remaining allegations of this paragraph.  To the extent any further response is required, the allegations are denied.

88.     Some of the allegations in this paragraph appear to be based on a document or documents.  Defendants defer to these documents as to their contents and deny any characterizations and conclusions not consistent with the language of those documents.  To the extent any further response is required, the allegations are denied.

89.     Defendants admit that KBRSI awarded Subcontract 76 to La Nouvelle for 287 reefers at KWD 1,600 per reefer per month.  To the extent any further response is required, the allegations are denied.

90.     Defendants lack sufficient information to admit or deny that Mazon ignored procurement procedures in awarding Subcontract 76.

        a.      Defendants lack sufficient information to admit or deny the allegations of this paragraph.  To the extent any further response is required, the allegations are denied.

        b.      Defendants lack sufficient information to admit or deny the allegations of this paragraph.  To the extent any further response is required, the allegations are denied.

91.     Denied.

92. Defendants admit that KBRSI's file includes invoices from La Nouvelle for Subcontract 76. Defendants defer to these invoices as to their contents and deny any characterizations and conclusions not consistent with the language of those documents. Defendants admit that KBRSI's procurement personnel approved payment of invoices for Subcontract 76. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

93. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations and conclusions not consistent with the language of those documents. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

a. Defendants admit that, on May 3, 2003, KBRSI awarded a subcontract to Kuwaiti Establishment Company ("KEC") for 24 supplemental reefers with heads at KWD 3,150 per reefer per month. Defendants admit that there is Material Requisition on file for this subcontract. Defendants defer to this Material Requisition as to its contents and deny any characterizations and conclusions not consistent with the language of the document. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

b. Defendants admit that KBRSI awarded two more subcontracts to KEC. Defendants defer to these subcontracts as to their contents and deny any characterizations and conclusions not consistent with the language of the documents. Defendants lack sufficient

information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

94. Defendants admit that Change Order 3 to Subcontract 76 was issued on May 25, 2005. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations and conclusions not consistent with the language of those documents. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

95. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations and conclusions not consistent with the language of those documents. To the extent any further response is required, the allegations are denied.

96. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations and conclusions not consistent with the language of those documents. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied

97. Defendants lack sufficient information to admit or deny the allegations of this paragraph. To the extent any further response is required, the allegations are denied.

98. The allegations in this paragraph appear to be based on Martin's plea agreement. Defendants defer to this document as to its content and deny any characterizations and conclusions not consistent with the language of the document. Defendants lack sufficient

information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

99. Defendants admit that KBRSI awarded Subcontract 93 to First Kuwaiti on April 14, 2003, for five water trucks for six months at a price of KWD 75,300. To the extent any further response is required, the allegations are denied.

100. Defendants lack sufficient information to admit or deny that Martin ignored mandated procurement procedures.

a. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations and conclusions not consistent with the language of those documents. Defendants lack sufficient information to admit or deny the remaining allegations. To the extent any further response is required, the allegations are denied.

b. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations and conclusions not consistent with the language of those documents. To the extent any further response is required, the allegations are denied.

101. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations and conclusions not consistent with the language of those documents. Defendants admit that on April 17, 2003, KBRSI awarded a subcontract to AGT for five water trucks. To the extent any further response is required, the allegations are denied.

102. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any

characterizations and conclusions not consistent with the language of those documents. Defendants lack sufficient information to admit or deny that any claims by First Kuwaiti were false. To the extent any further response is required, the allegations are denied.

103. Defendants admit that on April 21, 2003, KBRSI awarded First Kuwaiti Subcontract 121 for the lease of two fuel trucks for six months at the rate of KWD 4,250 per truck per month. To the extent any further response is required, the allegations are denied.

104. Defendants lack sufficient information to admit or deny that Martin ignored mandated procurement procedures.

     a. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations and conclusions not consistent with the language of those documents. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph. To the extent any further response is required, the allegations are denied.

     b. Denied.

105. Defendants lack sufficient information to admit or deny the allegations in this paragraph. To the extent any further response is required, the allegations are denied.

106. Defendants lack sufficient information to admit or deny the allegations in this paragraph. To the extent any further response is required, the allegations are denied.

107. Defendants admit that KBRSI awarded Subcontract 167 to First Kuwaiti for 50 reefers with heads on June 17, 2003. To the extent any further response is required, the allegations are denied.

108. Defendants lack sufficient information to admit or deny that Martin ignored mandated procedures in awarding the subcontract.

a.　　　Defendants admit that there a Material Requisition in the file for Subcontract 167.  Defendants defer to the Material Requisition as to its contents and deny any characterizations or conclusions not consistent with the language of the document.  Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph.  To the extent any further response is required, the allegations are denied.

b.　　　Defendants admit that on June 15, 2003, KBRSI issued a solicitation for 50 reefers with heads.  Some of the allegations in this paragraph appear to be based on a document or documents.  Defendants defer to these documents as to their contents and deny any characterizations and conclusions not consistent with the language of those documents.  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.  To the extent any further response is required, the allegations are denied.

c.　　　Some of the allegations in this paragraph appear to be based on a document or documents.  Defendants defer to these documents as to their content and deny any characterizations and conclusions not consistent with the language of the documents.  Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph.  To the extent any further response is required, the allegations are denied.

d.　　　Defendants admit that there is a Price Reasonable Determination in its file.  Defendants defer to the Price Reasonable Determination as to its contents and deny any characterizations or conclusions not consistent with the language of the document.  Some of the allegations in this paragraph appear to be based on the Manual.  Defendants defer to the Manual as to its contents and deny any characterizations or conclusions not consistent with the language of the Manual.  This paragraph states a legal conclusion to which no response is required.  To the extent any further response is required, the allegations are denied.

e.       Some of the allegations in this paragraph appear to be based on a document or documents.  Defendants defer to these documents as to their contents and deny any characterizations and conclusions not consistent with the language of those documents.  Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph.  To the extent any further response is required, the allegations are denied.

109.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.  To the extent any further response is required, the allegations are denied.

110.     Defendants admit that First Kuwaiti invoiced KBRSI for services provided in connection with Subcontract 167.  Defendants admit that KBRSI paid invoices for Subcontract 167.  Some of the allegations in this paragraph appear to be based on a document or documents.  Defendants defer to these documents as to their contents and deny any characterizations and conclusions not consistent with the language of those documents.  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.  To the extent any further response is required, the allegations are denied.

111.     This paragraph states a legal conclusion to which no response is required.  Some of the allegations in this paragraph appear to be based on a document or documents.  Defendants defer to these documents as to their contents and deny any characterizations and conclusions not consistent with the language of those documents.  To the extent any further response is required, the allegations are denied.

112.     Some of the allegations in this paragraph appear to be based on a document or documents.  Defendants defer to these documents as to their contents and deny any characterizations or conclusions not consistent with the language of these documents.

Defendants lack sufficient information to admit or deny the remaining allegations. To the extent any further response is required, the allegations are denied.

113. Defendants lack sufficient information to admit or deny the allegations in this paragraph. To the extent any further response is required, the allegations are denied.

114. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations and conclusions not consistent with the language of those documents. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph. To the extent any further response is required, the allegations are denied.

115. Defendants admit there is a Material Requisition in the file for Subcontract 203. Defendants defer to the Material Requisition as to its contents and deny any characterizations and conclusions not consistent with the language of the document. To the extent any further response is required, the allegations are denied.

116. Defendants admit that KBRSI solicited bids on July 2, 2003. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations and conclusions not consistent with the language of those documents. To the extent any further response is required, the allegations are denied.

117. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations and conclusions not consistent with the language of those documents. To the extent any further response is required, the allegations are denied.

118.     Some of the allegations in this paragraph appear to be based on a document or documents.     Defendants defer to these documents as to their contents and deny any characterizations or conclusions not consistent with the language of these documents. Defendants lack sufficient information to admit or deny the remaining allegations.  To the extent any further response is required, the allegations are denied.

119.     Defendants admit that KBRSI awarded Subcontract 203 to First Kuwaiti on July 10, 2003, for 60 heads at KWD 2,750 per head per month for six months.  Some of the allegations in this paragraph appear to be based on a document or documents.  Defendants defer to these documents as to their contents and deny any characterizations or conclusions not consistent with the language of these documents.  To the extent any further response is required, the allegations are denied

120.     Some of the allegations in this paragraph appear to be based on a document or documents.     Defendants defer to these documents as to their contents and deny any characterizations or conclusions not consistent with the language of these documents. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph.  To the extent any further response is required, the allegations are denied.

121.     Some of the allegations in this paragraph appear to be based on a document or documents.     Defendants defer to these documents as to their contents and deny any characterizations or conclusions not consistent with the language of these documents. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph.  To the extent any further response is required, the allegations are denied.

122.     Some of the allegations in this paragraph appear to be based on a document or documents.     Defendants defer to these documents as to their contents and deny any

characterizations or conclusions not consistent with the language of these documents. Defendants lack sufficient information to admit or deny the allegations of this paragraph. To the extent any further response is required, the allegations are denied.

123. Defendants admit that KBRSI awarded Subcontract 190 to First Kuwaiti for 150 heads at KWD 2,950 per head per month for six months. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations or conclusions not consistent with the language of these documents. To the extent that any further response is required, the allegations are denied.

124. Defendants lack sufficient information to admit or deny that Martin ignored mandated procurement procedures in awarding Subcontract 190.

      a. Denied.

      b. Defendants admit that KBRSI awarded Subcontract 190 to First Kuwaiti at KWD 2,950 per head per month. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations and conclusions not consistent with the language of those documents. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

      c. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations or conclusions not consistent with the language of these documents.

      d. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any

characterizations or conclusions not consistent with the language of these documents. To the extent any further response is required, the allegations are denied.

125. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations or conclusions not consistent with the language of those documents. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

126. Defendants admit that KBRSI issued three change orders for Subcontract 190. Defendants defer to the change orders as to their contents and deny any characterizations and conclusions not consistent with the language of those documents. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

127. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations or conclusions not consistent with the language of these documents. Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph. To the extent any further response is required, the allegations are denied.

128. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations or conclusions not consistent with the language of these documents. To the extent that any further response is required, the allegations are denied.

129. Defendants lack sufficient information to admit or deny the allegations of this paragraph. To the extent any further response is required, the allegations are denied.

130. Defendants defer to Task Order 43 as to its contents and deny any characterizations or conclusions not consistent with the language of the document. To the extent any further response is required, the allegations are denied.

131. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations or conclusions not consistent with the language of these documents. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph. To the extent any further response is required, the allegations are denied.

132. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations or conclusions not consistent with the language of these documents. Defendants lack sufficient information to admit or deny the allegations in this paragraph. To the extent any further response is required, the allegations are denied.

133. Some of the allegations in this paragraph appear to be based on a document or documents. Defendants defer to these documents as to their contents and deny any characterizations or conclusions not consistent with the language of these documents. Defendants lack sufficient information to admit or deny the allegations in this paragraph. To the extent any further response is required, the allegations are denied.

134. Defendants lack sufficient information to admit or deny the allegations in this paragraph. To the extent any further response is required, the allegations are denied.

135. Defendants lack sufficient information to admit or deny the allegations in this paragraph. To the extent any further response is required, the allegations are denied.

136.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.  To the extent any further response is required, the allegations are denied.

137.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.  To the extent any further response is required, the allegations are denied.

138.     Denied.

139.     The allegations in this paragraph are vague and are therefore denied.

140.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

141.     This paragraph states a legal conclusion to which no response.  Defendants lack sufficient information or admit or deny the allegations of this paragraph.  To the extent a further response is required, the allegations are denied.

142.     Defendants incorporate and restate their responses to the paragraphs above.

143.     Denied.

144.     Defendants lack sufficient information to admit or deny the allegations of this paragraph.  To the extent a response is required, the allegations are denied.

145.     Defendants lack sufficient information to admit or deny the allegations of this paragraph.  To the extent a response is required, the allegations are denied.

146.     Denied.

147.     Defendants incorporate and restate their responses to the paragraphs above.

148.     Denied.

149.     Denied.

150.     Defendants incorporate and restate their responses to the paragraphs above.

151.     Denied.

152.     Denied.

153.     Defendants incorporate and restate their responses to the paragraphs above.

154.     Denied.

155.     Denied.

156.     Defendants incorporate and restate their responses to the paragraphs above.

157.     Denied.

158.     Denied.

159.     Defendants incorporate and restate their responses to the paragraphs above.

160.     Defendants deny that KBR made material misrepresentations or concealed material facts that induced the Government to pay amounts that were unallowable under LOGCAP III.  Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph.  To the extent any further response is required, the allegations are denied.

161.     Defendants deny that KBR is liable for damages in an amount to be determined at trial.  Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph.  To the extent any further response is required, the allegations are denied.

162.     Defendants incorporate and restate their responses to the paragraphs above.

163.     Defendants defer to the LOGCAP III contract as to its contents and deny any characterizations or conclusions not consistent with the language of the LOGCAP III contract. This paragraph contains legal conclusions, to which no response is required.

164.     Denied.

165.     Denied.

166.     Defendants incorporate and restate their responses to the paragraphs above.

167.    Defendants lack sufficient information to admit or deny the allegations of this paragraph. To the extent a response is required, the allegations are denied.

168.    Defendants lack sufficient information to admit or deny the allegations of this paragraph. To the extent a response is required, the allegations are denied.

Defendants deny that the United States is entitled to the relief requested in Paragraphs (a)-(f) at page 45 of the Complaint, or to any relief whatsoever.

## III.    ADDITIONAL EXPRESS DENIAL

Unless expressly admitted herein, each and every allegation in the Complaint is hereby denied.

## IV.    JURY DEMAND

Defendants request trial by jury on all issues, claims, and defenses so triable.

## V.    AFFIRMATIVE DEFENSES

Without assuming any burdens not already imposed on them by applicable substantive or procedural law, Defendants state the following defensive matters in response to the Complaint:

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Defendants are not legally responsible for acts or omissions allegedly undertaken by employees, subcontractors, and others to the extent that those acts or omissions prove to have been undertaken outside the scope of employment or authority, as criminal acts, in secret, and/or without the knowledge of persons having legally sufficient levels of responsibility or authority within the relevant Defendant companies.

3.    The subcontracts that are the subject of this lawsuit are alleged to have been formed with and submitted for reimbursement by KBRSI. The Defendants other than KBRSI are

improperly named as defendants, as the Complaint contains no allegations concerning acts or omissions by those defendants.

4.     The claims in the Complaint are barred in whole or in part by the statute of limitations.

5.     The claims in the Complaint are barred in whole or in part by laches.

6.     The claims in the Complaint are barred in whole or in part by estoppel.

7.     The claims in the Complaint are barred in whole or in part by waiver.

8.     The claims in the Complaint are barred in whole or in part by assumption of risk.

9.     The claims in the Complaint are barred in whole or in part because the government has unclean hands.

10.     The claims in the Complaint are barred in whole or in part because the government has failed to mitigate its damages, if any.

11.     The prayer for multiple damages seeks to impose an excessive fine within the meaning of the Excessive Fines Clause of the Eighth Amendment to the Constitution of the United States.

12.     The claims in the Complaint, or parts thereof, are barred by the doctrine of accord and satisfaction.

13.     The sole proximate causes of the damages alleged in the complaint, if any, were the intentional and criminal actions of the natural persons described therein.  Such criminal activity was not reasonably foreseeable by the Defendants.

WHEREFORE, having fully answered, Defendants respectfully request that the Complaint of the United States be dismissed with prejudice and that they be awarded their reasonable attorneys' fees, costs, and such other relief as the Court may deem just and proper.

Respectfully submitted,

 s/  Craig D. Margolis
Craig D. Margolis
David E. Hawkins
VINSON & ELKINS L.L.P.
2200 Pennsylvania Avenue, N.W.
Suite 500 West
Washington, D.C. 20037-1701
(202) 639-6500
(202) 639-6604 (facsimile)
cmargolis@velaw.com
dhawkins@velaw.com


*Attorneys for Defendants Kellogg Brown & Root, Inc., Kellogg Brown & Root Services, Inc., Kellogg Brown & Root, LLC, and Overseas Administration Services, Ltd.*

OF COUNSEL:

Laura Lucas Palekar
Christine N. Roushdy
VINSON & ELKINS L.L.P.
2200 Pennsylvania Avenue, N.W.
Suite 500 West
Washington, D.C. 20037-1701
(202) 639-6500
(202) 639-6604 (facsimile)


April 22, 2014

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following attorneys of record in this case on this, the 22nd day of April, 2014, via the Court's electronic filing system:

John A. Kolar
U.S. Department of Justice
Post Office Box 261
Ben Franklin Station
Washington, D.C. 20044
john.kolar@usdoj.gov

Meghan E. Greenfield
Grant H. Willis
Jones Day
51 Louisiana Ave., NW
Washington, D.C. 20001
mgreenfield@jonesday.com
ghwillis@jonesday.com

Victor Aronoff Kubli
The Law Office of Victor A. Kubli PC
13948 Bromfield Road
Germantown, MD 20874
kubli@kublilaw.com

 s/  Craig D. Margolis
Craig D. Margolis