IN THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>  *ex rel.* BUD CONYERS,<br><br>  Plaintiffs,<br><br>         v.<br><br>KELLOGG BROWN & ROOT, INC.,<br>  *et al.*,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. 4:12-cv-04095-SLD-JEH<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO THE UNITED STATES'
MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

Defendants Kellogg Brown & Root, Inc., Kellogg Brown & Root Services, Inc., Kellogg Brown & Root, LLC, and Overseas Administration Services, Ltd.,[1] submit this memorandum in opposition to the United States' motion to strike affirmative defenses 1-2, 5-10, and 12 [Dkt. 68] and request that the Court deny the motion or, in the alternative, permit KBR to amend its pleading.

I.    Introduction

Despite that motions to strike affirmative defenses are clearly disfavored, *see Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991), and without even an allegation of the requisite prejudice from inclusion of the affirmative defenses, *see Tooley v. Wash. Group Int'l, Inc.*, No. 08-1084, 2010 U.S. Dist. LEXIS 3248, at *13 (C.D. Ill. Jan. 15, 2010) (McDade, J.), the government has filed the instant motion to strike and attempts to conflate the stringent

---

[1]    These Defendants are, for convenience only, collectively referred to as "Defendants" or "KBR." Named defendant "Kellogg Brown & Root, Inc." is a predecessor entity to Kellogg Brown & Root LLC and ceased to exist as of December 31, 2005.

1

pleading requirements applicable to claims in a complaint with the less restrictive "fair notice" requirements properly applicable to affirmative defenses. Several courts have held that the more stringent pleading requirements laid out in *Twombly* and *Iqbal* simply do not apply to affirmative defenses because of the fundamental differences between a claim and a defense. *Cf. Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rather, a plaintiff need only have "fair notice" of an affirmative defense based on the entirety of the pleadings. KBR has satisfied this requirement by providing a short and plain statement of those facts in the "Introduction" section of its Answer [Dkt. 67].[2] As noted below, this Court has sustained affirmative defenses that are no more specific than those presented here, and KBR expects additional facts supporting its defenses to be developed through discovery.

In addition to its objections to the factual sufficiency of KBR's defenses, the government claims that certain defenses cannot run against the United States as a matter of law. To the contrary, KBR's defenses have each been applied against the government in certain circumstances, especially in connection with breach of contract claims.

Because KBR's affirmative defenses are factually sufficient and legally proper, the government's motion to strike should be denied and this decade-old matter should proceed to discovery without further delay. If the Court were inclined to grant the government any relief on its motion, KBR should be permitted freely to amend its pleading in the interest of justice because the litigation remains at a very early stage and the government has not alleged and could not show any prejudice from any amendment.

---

[2] The government would likewise be unable to establish any prejudice from the lack of "fair notice" because KBR's factual position in this case has long been known to the government through nearly a decade of investigations, criminal prosecutions, and settlement discussions.

II. Argument

    A. <u>Motions to Strike Are Legally Disfavored</u>.

Because affirmative defenses do not prejudice a plaintiff, motions to strike "are not favored and will not be granted unless it appears to a certainty that the plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *See Williams*, 944 F.2d at 1400. A motion to strike is likewise inappropriate when an affirmative defense "turns on questions of fact that have not yet been identified [or] resolved." *Lancaster v. Cox*, No. 10-3064, 2010 U.S. Dist. LEXIS 67975, at *5 (C.D. Ill. July 8, 2010). "Courts generally do not grant motions to strike unless the defect in the pleading causes some prejudice to the party bringing the motion." *Tooley*, 2010 U.S. Dist. LEXIS 3248, at *13 (McDade, J.) (citing Hoffman v. Summer, 478 F. Supp. 2d 1024, 1028 (N.D. Ill. 2007)). As described below, the government's motion to strike falls short of this high standard.

    B. <u>KBR's Affirmative Defenses Meet Rule 8's Pleading Requirements for Affirmative Defenses.</u>

        1. *<u>Twombly</u>* and *<u>Iqbal</u>* <u>Heightened Pleading Requirements Only for Claims.</u>

In *Twombly* and *Iqbal*, the Supreme Court established a facial "plausibility" standard for claims in a complaint to survive a motion to dismiss, supplanting the "fair notice" standard of *Conley v. Gibson*, 355 U.S. 41 (1957). These decisions were actuated by the very real concern that defendants had been needlessly subjected to costly discovery and that plaintiffs had been able to extract "*in terrorem*" settlements based on sparsely-pleaded complaints. *See Twombly*, 550 U.S. at 558. These cases are clearly directed towards what a *complaint* or *cause of action* must plead to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678-79 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than

3

conclusions . . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."); *id.* at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

These principles simply do not apply to affirmative defenses. KBR has already been haled into court by the government, and discovery will necessarily follow. KBR's assertion of affirmative defenses does not "unlock the doors" of discovery, and similarly, the question is not the government's liability but rather whether KBR should be held liable. The considerations at issue in *Twombly* and *Iqbal* – forcing plaintiff to face potential liability or costly discovery based on "threadbare" allegations – do not translate to affirmative defenses for which nothing more than "fair notice" is required.

### 2. No Appellate Court Has Heightened Pleading Requirements for Defenses, and Many District Courts Reason That Only "Fair Notice" Is Required.

Indeed, no court of appeals has held that *Twombly* and *Iqbal* apply to affirmative defenses,[3] and many district courts have declined, based on reasoned analysis, to apply the facial plausibility standard. *See Tomason v. Stanley*, 297 F.R.D. 541, 544–45 (S.D. Ga. 2014) (declining, based on textual and policy analysis, to apply heightened standard, noting "no circuit has directly addressed the issue"); *Utrera v. Kraftsmen Bakers Ltd.*, No. 4:13–01458, 2013 WL 6176577, at *1 (S.D. Tex. Nov. 25, 2013) ("no circuits have ruled that the 'fair notice' standard for affirmative defenses no longer applies"); *Paducah River Painting, Inc. v. McNational, Inc.*, No. 5:11-CV-00135-R, 2011 U.S. Dist. LEXIS 131291, at *5 (W.D. Ky. Nov. 14, 2011) ("[T]here is the argument that the increased pleading standard for defendants will inevitably

---

[3] The Fifth Circuit, citing the language of Rule 8(c) but without further analysis, has continued after *Twombly* and *Iqbal* to apply the "fair notice" standard to affirmative defenses. *See Garrison Realty, L.P. v. Fouse Architecture & Interiors, P.C.*, 546 Fed. App'x 458, 465 (5th Cir. 2013).

4

spawn more motions to strike by plaintiffs, a result at odds with the prevailing case law discouraging Rule 12(f)'s usage."); *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1259 (D. Kan. 2011) (analyzing split authority and holding "the pleading standards of *Twombly* and *Iqbal* should be limited to complaints–not extended to affirmative defenses"); *Leon v. Jacobson*, No. 10-4939, 2010 U.S. Dist. LEXIS 123106, at *3 (N.D. Ill. Nov. 19, 2010) (declining to apply heightened standard absent even "a single Seventh Circuit case that extends *Twombly* and *Iqbal* to affirmative defenses.").[4] This result is consistent with Rule 8(b)'s mandate solely to "state in short and plain terms its defenses to each claim asserted against it," and Rule 8(c)'s requirement only that a party state "affirmatively" any "avoidance or affirmative defense." Fed. R. Civ. P. 8(b) & 8(c); *see also Falley*, 787 F. Supp. 2d at 1258 ("[A] party making a claim for relief in a complaint must plead allegations *showing* that such party is entitled to relief. No such requirement appears in subsection (b) or (c) governing defenses.").

There are sound policy considerations favoring a heightened pleading standard for claims that do not apply to affirmative defenses. The Supreme Court supported its *Twombly* decision with the concern that "largely groundless claim[s] could nonetheless produce *in terrorem* settlements." 550 U.S. 544 at 558. No such rationale for discouraging nuisance suits applies to affirmative defenses. *See Leon*, 2010 U.S. Dist. LEXIS 123106, at *3 ("The Court, though, has never once lost sleep worrying about defendants filing nuisance affirmative defenses and considers the risk that defendants would file nuisance defenses sufficiently small so as not to

---

[4] Some district courts have held, in the absence of controlling precedent, that *Twombly* and *Iqbal* should be interpreted to heighten pleading standards for affirmative defenses. *See, e.g., Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010) (granting leave to amend); *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan. 2009) (same). Unlike the reasoned analyses described above, however, these decisions do not fully address the distinct policy considerations applicable to claim pleading and defense pleading.

warrant extending *Twombly* and *Iqbal*."). This policy distinction between claims and defenses extends equally to concerns for excessive discovery costs. Affirmative defenses, unlike claims, typically impose discovery obligations that overlap those already required by the complaint. Another inapplicable policy consideration is that, without a heightened complaint standard, defendants may be unable to fully respond to allegations. This concern does not apply to affirmative defenses, which are deemed denied as a matter of law. *See* Fed. R. Civ. P. 7(a) & 8(b)(6); *EBC Asset Inv., Inc. v. Sullivan Auctioneers*, No. 13-1378, 2014 U.S. Dist. LEXIS 29458, at *5 (C.D. Ill. Mar. 7, 2014) (due to automatic denial and lack of prejudice, "[t]he Court is particularly reluctant to strike affirmative defenses").

This Court has consistently required only that "fair notice" be given of the basis for an affirmative defense. *See, e.g.*, *EBC Asset Inv., Inc.*, 2014 U.S. Dist. LEXIS 29458, at *14-*15 (requiring only "a short, plain statement that puts the opposing party on notice"); *Howard v. Ryan*, No. 13-1231, 2013 U.S. Dist. LEXIS 150251, at *4 (C.D. Ill. Aug. 20, 2013) (requiring only "notice of the basis for the defense"); *United States v. Dish Network, L.L.C.*, No, 09-03073, 2013 U.S. Dist. LEXIS 74164, at *1-*9 (C.D. Ill. May 24, 2013) (requiring only a "short and plain" statement of the defense and referencing fair notice standard); *Fralick v. County of Dewitt*, No. 11-3341, 2011 U.S. Dist. LEXIS 130159, at *3-*4 (C.D. Ill. Nov. 10, 2011) (same); *Cent. Laborers' Pension, Welfare & Annuity Funds v. Parkland Envt'l Group, Inc.*, No, 11-3184, 2011 U.S. Dist. LEXIS 106848, at *3-*4 (C.D. Ill. Sept. 20, 2011) (same); *Lancaster*, 2010 U.S. Dist. LEXIS 67975, at *3, *6-*7 (same); *Local 165, Laborers' Int'l Union of N. Am. v. DEM/EX*

*Group Inc.*, No. 09-1356, 2010 U.S. Dist. LEXIS 22707, at *4-*5 (C.D. Ill. March 11, 2010) (citing *Twombly* but applying "notice" standard).[5]

Applying the "fair notice" standard to affirmative defenses, this Court has specifically held that fair notice can exist even with "generally pleaded defenses." *Lexington Ins. Co. v. Titan Int'l, Inc.*, No. 07-3148, 2008 U.S. Dist. LEXIS 18504, at *4 (C.D. Ill. Mar. 11, 2008) (alternatively affirming "plausibility" of generally pleaded defenses "to the extent that [*Twombly*] applies in this context"). Purely legal defenses, such as immunity from punitive damages or an individual's qualified immunity, likewise require no additional facts to be pleaded. *See Howard*, 2013 U.S. Dist. LEXIS 150251, at *5-*6.

### 3. KBR's Answer Provides "Fair Notice" of Affirmative Defenses, Which Will Be Further Established Through Discovery.

In this case, KBR has satisfied the "fair notice" standard consistently applied to affirmative defenses in this Court. Many of the affirmative defenses provide sufficient information on their face to inform the United States of the nature of the affirmative defense. This Court has refused to strike affirmative defenses worded nearly identically to KBR's defenses and without embedded factual detail. *See Fralick*, 2011 U.S. Dist. LEXIS 130159, at *3 ("bare" failure to state claim); *Lexington Ins. Co.*, 2008 U.S. Dist. LEXIS 18504, at *3 (same and breach of contract); *Goel v. Patni Computer Sys.,* No. 07-CV-1034, 2008 U.S. Dist. LEXIS 120786, at *7-*8 (C.D. Ill. Nov. 13, 2008) ("bare" failure to mitigate); *Jackson v. Methodist Medical Center of Ill.*, No. 06-1235, 2007 U.S. Dist. LEXIS 2081, at *10 (C.D. Ill. Jan. 11, 2007) (same).

---

[5]  Some of these cases have cited *Twombly* or *Iqbal* without detailed analysis of the applicable standard, *see, e.g., EBC Asset*, 2014 U.S. Dist. LEXIS 29458, at *14-*15; *Howard*, 2013 U.S. Dist. LEXIS 150251, at *4, *Local 165*, 2010 U.S. Dist. LEXIS 22707, at *4-*5, but this Court has nonetheless applied only a "fair notice" standard rather than a heightened "plausibility" standard on motions to strike affirmative defenses.

Even if the Court were to require additional factual detail, the "Introduction" section of KBR's Answer provides more than "fair notice" of the nature of the defenses, including a short and plain statement of the relevant facts:

> Under the LOGCAP III contract, KBR provided essential wartime support to American troops from the earliest days of the Iraq war. KBR accomplished this mission in a *challenging wartime environment* despite the *unanticipated ballooning of military demands*. Throughout this process, KBR worked diligently and ethically *alongside the military* to deter and detect misconduct and to manage procurements as well as possible under *exigent circumstances*. . . .
>
> The government has targeted KBR with a factually flawed complaint that alleges nonexistent and *immaterial faults* with *historical procurements*. The complaint rests on an equally flawed legal theory that *any* procurement irregularity or employee misconduct automatically renders KBR liable for fraud. In the end, however, the evidence will show that KBR acted in *good faith* and *consistent with its contractual obligations*.

KBR Answer [Dkt. 67] at 1-2 (emphasis added). These factual allegations, taken together with the factual allegations in the Relator's amended complaint [Dkt. 54] and in the government's own complaint [Dkt. 55], provide "fair notice" on the face of the pleadings of a set of facts on which KBR may support each of the challenged affirmative defenses.[6] Accordingly, KBR's factual allegations exceed what this Court has required for affirmative defenses. *See Tooley,* 2010 U.S. Dist. LEXIS 3248, at *15 (requiring only "a set of facts that is inferable from the pleadings under which the affirmative defense could succeed").

---

[6] As the government is well aware, KBR has previously asserted that harsh wartime conditions, unexpected mission growth, and government misconduct prejudiced its performance under LOGCAP. This issue has been litigated in several other cases to which KBR and the government are parties. *Kellogg Brown & Root Servs., Inc.*, ASBCA No. 56358, 12-1 BCA ¶ 35,001 (contract dispute relating to the allowability of KBR's costs for private security contractors resulting from the Army's failure to provide adequate convoy support); Order Granting Government's Dismissal [Dkt. 142], United States v. Kellogg Brown & Root Servs., Inc., No. 1:10-cv-00530 (RCL) (D.D.C. Nov. 15, 2012) (FCA action arising from claims for private security costs incurred due to Army's failure to provide convoy support).

Finally, much of the specific information necessary to prove the affirmative defenses alleged by KBR is in the government's own possession and may not readily be obtained without the benefit of discovery. For example, KBR expects that military transportation, convoy, and security records would establish that the government's own actions were the primary cause of certain alleged delays in receiving or returning leased vehicles. The government's near-exclusive access to such records, and the lack of prejudice from having KBR's defenses stand pending discovery, are additional grounds to deny the motion to strike.

### C. KBR's Affirmative Defenses Apply Against the United States.

In addition to the alleged factual insufficiency addressed above, the United States also incorrectly asserts that five of the affirmative defenses can never apply against the United States as a matter of law. To the contrary, each of these defenses can be applied against the government in certain circumstances, especially in connection with a breach of contract claim that does not invoke the government's "sovereign capacity." Each of the disputed affirmative defenses is addressed in turn.

#### 1. Laches.

The equitable doctrine of laches may apply against the government in certain circumstances. *See United States v. Admin. Enters., Inc.*, 46 F.3d 670, 673 (7th Cir. 1995) (defense is available but requires evidentiary support); *United States ex rel. Monahan v. Robert Wood Johnson Univ. Hosp.*, No. 02-5702, 2009 WL 4576097, at *6-*7 (D.N.J. Dec. 1, 2009) (denying motion to strike because "it is not clearly apparent that laches cannot be applied against the Government"). The pleadings amply suggest that KBR has been prejudiced by the government's handling of this case in the decade since the challenged conduct occurred, and KBR expects to develop additional evidence through discovery to meet its evidentiary burden on this defense.

2. Estoppel.

Estoppel also may apply against the government. *See United States v. Fox Lake State Bank*, 366 F.2d 962, 965-66 (7th Cir. 1966) (estopping claim under False Claims Act).

As the Seventh Circuit explained,

> this circuit and other courts have allowed estoppel to be applied against the government in certain circumstances. These exceptional cases have not established crystal-clear standards as to when government entities may be estopped. . . . For example, courts have stated in several cases that "affirmative misconduct" on the part of the government would justify an exception to the no-estoppel rule. Affirmative misconduct has been defined as "something more than mere negligence." Similarly, this circuit has allowed estoppel in situations in which "the Government specifically encouraged a mistake of which it then took advantage."

*Mendrala v. Crown Mortg. Co.*, 955 F.2d 1132, 1141 (7th Cir. 1992) (internal citations omitted). While some courts apply estoppel against the government only in "exceptional circumstances," *see id.*,[7] the facts alleged by KBR suggest an "exceptional circumstance" in its wartime dealings with the government, which KBR expects to develop more fully with the benefit of discovery.

3. Waiver.

KBR similarly is not barred from pleading waiver as an affirmative defense against the government. *See, e.g., Monahan*, 2009 WL 4576097, at *7 (declining to strike affirmative defense). This defense may stand "upon the theory that the Government's knowledge of the facts and circumstances surrounding the alleged contract violations negate the scienter or materiality elements of an FCA claim." *United States ex rel. Howard v. Lockheed Martin Corp.*, No. 1:99-cv-285, 2014 WL 1612165 at *38 (S.D. Ohio Mar. 25, 2014).

---

[7] The government's own case declines to hold that estoppel may never be applied against the government. *See OPM v. Richmond*, 496 U.S. 414, 423 (1990) (refusing to "embrace a rule that no estoppel will lie against the government under any circumstances").

> The evidence necessary to establish the Government's knowledge of the facts underlying an FCA fraud claim is admissible whether the knowledge defense is viewed as the affirmative defense of waiver or merely as a means to negate the elements of scienter and materiality.

*Id.* KBR has properly and sufficiently alleged that the government's conduct works a waiver of its entitlement to recover from KBR in this case.

### 4. Unclean Hands.

While the equitable defense of unclean hands has been limited in its application against the government, it may nonetheless apply to egregious conduct that prejudices the defendant at a constitutional level. *See SEC v. Cuban*, 798 F. Supp. 2d 783, 792 (N.D. Tex. 2011). KBR's answer alleges both conduct by the government that has prejudiced KBR and a constitutional challenge to the penalties it seeks to impose. KBR expects to develop additional evidence through discovery to show the extent of the government's misconduct and the resulting prejudice.

### 5. Failure to Mitigate Damages.

KBR is also not barred from asserting the government's failure to mitigate damages. The governments' own authority acknowledges that the defense is available in breach of contract claims of the sort made by the government in this case. *See United States ex rel. Dye v. ATK Launch Sys., Inc.*, No. 1:06-cv-39, 2008 WL 4642164, at *4 (D. Utah Oct. 16, 2008) (refusing to strike failure to mitigate defense as to contract claim); *see also United States ex rel. Garrison v. Crown Roofing Servs., Inc.*, No. H-07-1018, 2011 WL 4914971, at *2 (S.D. Tex. Oct. 14, 2011) (allowing failure to mitigate defense as to contract claims). Indeed, the government has cited no authority that failure to mitigate cannot properly be pled as an affirmative defense to a breach of contract claim.

D. Alternatively, KBR Requests Leave to Amend.

In the alternative, if the Court were inclined to grant the government any of the relief requested in its motion to strike, KBR should be freely granted leave to amend its pleadings. *See* Fed. R. Civ. P. 15(a). When an affirmative defense is "dismissed on technical grounds, e.g., failure to adequately plead," the Seventh Circuit has explained that "leave to amend is freely granted as justice requires." *Heller Fin., Inc. v. Midwhey Powder Co.*, 833 F.2d 1286, 1294 (7th Cir. 1989) (defendants "easily could have alleged more facts" had they asked to amend their defenses). Likewise, this Court has liberally and consistently permitted amendment of affirmative defenses when they fail to provide fair notice. *See, e.g., EBC Asset Inv., Inc.*, 2014 U.S. Dist. LEXIS 29458, at *14-*15; *Fralick*, 2011 U.S. Dist. LEXIS 130159, at *3-*4; *Jackson*, 2007 U.S. Dist. LEXIS 2081, at *7. Moreover, the government has not shown and could not reasonably allege any prejudice from permitting KBR to amend.

III. Conclusion

For the foregoing reasons, KBR respectfully requests that the Court deny the government's motion to strike affirmative defenses 1-2, 5-10, and 12. In the alternative, KBR respectfully requests that the Court permit it to amend its pleadings.

Respectfully submitted,

 s/ David E. Hawkins
Craig D. Margolis
cmargolis@velaw.com
David E. Hawkins
dhawkins@velaw.com
VINSON & ELKINS L.L.P.
2200 Pennsylvania Avenue, N.W.
Suite 500 West
Washington, D.C. 20037-1701
(202) 639-6500
(202) 639-6604 (facsimile)

*Attorneys for Defendants Kellogg Brown & Root, Inc., Kellogg Brown & Root Services, Inc., Kellogg Brown & Root, LLC, and Overseas Administration Services, Ltd.*

OF COUNSEL:

Laura Lucas Palekar
Christine N. Roushdy
VINSON & ELKINS L.L.P.
2200 Pennsylvania Avenue, N.W.
Suite 500 West
Washington, D.C. 20037-1701
(202) 639-6500
(202) 639-6604 (facsimile)

June 10, 2014

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing has been served upon the following attorneys of record in this case on this the 10th day of June, 2014, via the Court's electronic filing system:

| | |
|---|---|
| John A. Kolar<br>U.S. Department of Justice<br>Post Office Box 261<br>Ben Franklin Station<br>Washington, D.C. 20044<br>john.kolar@usdoj.gov | Meghan E. Greenfield<br>Grant H. Willis<br>Jones Day<br>51 Louisiana Ave., NW<br>Washington, D.C. 20001<br>mgreenfield@jonesday.com<br>ghwillis@jonesday.com<br><br>Victor Aronoff Kubli<br>The Law Office of Victor A. Kubli PC<br>13948 Bromfield Road<br>Germantown, MD 20874<br>kubli@kublilaw.com |

                                                  s/ David E. Hawkins
                                                  David E. Hawkins

US 2639412v.6