IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel*. BUD CONYERS, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:12-cv-04095-SLD-JEH ) |
| KELLOGG BROWN & ROOT SERVICES, INC., et al., | ) ) ) ) |
| Defendants. | ) |

**UNITED STATES' MOTION FOR RECONSIDERATION OR, IN THE
ALTERNATIVE, FOR REVISION OF DISMISSAL ORDER UNDER RULE 60(a)**

Plaintiff, the United States of America, respectfully moves for reconsideration, or, in the alternative for revision of an order under Rule 60(a) of the Federal Rules of Civil Procedure, so that the Court's March 30, 2015 dismissal of defendant First Kuwaiti Trading & Contracting, and all of the First Kuwaiti entities identified in the Government's First Amended Complaint, is changed from a dismissal "with prejudice" to a dismissal "without prejudice." The accompanying memorandum of points and authorities provides the support for this motion, and a proposed order is submitted for the convenience of the Court.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

JAMES A. LEWIS
United States Attorney for the
Central District of Illinois


      s/ John A. Kolar
MICHAEL D. GRANSTON
JUDITH RABINOWITZ
JOHN A. KOLAR
RUSSELL B. KINNER
PATRICK M. KLEIN
BRADLEY BRINKMAN
GLENN P. HARRIS

Attorneys, Civil Division
Commercial Litigation Branch
U.S. Department of Justice
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044
Telephone: 202.307.1089
Facsimile: 202.514.7361

Attorneys for the United States of America

Dated: April 20, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BUD CONYERS, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:12-cv-04095-SLD-JEH ) |
| KELLOGG BROWN & ROOT SERVICES, INC., et al., | ) ) ) ) |
| Defendants. | ) |

**UNITED STATES MEMORANDUM IN SUPPORT OF ITS MOTION
FOR RECONSIDERATION OR, IN THE ALTERNATIVE,
FOR REVISION OF DISMISSAL ORDER UNDER RULE 60(a)**

Plaintiff, the United States of America, respectfully requests the Court to reconsider its March 30, 2015 order dismissing defendant First Kuwaiti Trading & Contracting, WLL and related entities (First Kuwaiti) "with prejudice." Alternatively, the United States seeks a revised order under Federal Rule of Procedure 60(a).[1] The Government makes this motion based on Rule 41(b), which states that an involuntary dismissal is with prejudice except for certain instances, including dismissals for lack of jurisdiction. Consistent with this rule, the Seventh Circuit has held that a dismissal for lack of personal jurisdiction must be without prejudice, "[f]or without personal jurisdiction, a court has no authority to adjudicate a case on the merits." *Sikhs for Justice v. Badal*, 736 F.3d 743, 751 (7th Cir. 2013).

---

[1] *See Boran v. United Migrant Opportunity Servs, Inc.*, 99 Fed. Appx. 64 (7th Cir. 2004) (unpublished) (noting the district court's authority to modify an order from "with prejudice" to "without prejudice" under Rule 60(a)).

- 1 -

**Argument**

Rule 41(b) states that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—<u>except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19</u>—operates as an adjudication on the merits." FRCP 41(b) (emphasis added). In *Sikhs for Justice v. Badal*, 736 F.3d 743 (7th Cir. 2013), the court explained that dismissals for lack of jurisdiction should be without prejudice:

> The judgment order in this case states: "IT IS ORDERED AND ADJUDGED that this case is DISMISSED." Ordinarily such an order operates as an adjudication on the merits, Fed.R.Civ.P. 41(b), and is therefore with prejudice. But the rule has an exception for a dismissal for "lack of jurisdiction," and this includes a dismissal for lack of personal jurisdiction. For without personal jurisdiction, a court has no authority to adjudicate a case on the merits.

*Id.* at 751.[2]  *Accord El v. AmeriCredit Fin. Servs., Inc.,* 710 F.3d 748, 751 (7th Cir. 2013) ("Dismissals because of absence of federal jurisdiction ordinarily are without prejudice— 'dismissal [for want of federal jurisdiction] with prejudice is inappropriate because such a dismissal may improperly prevent a litigant from refiling his complaint in another court that does have jurisdiction ..., and perhaps more essentially, once a court determines it lacks jurisdiction over a claim, it perforce lacks jurisdiction to make any determination of the merits of the underlying claim.'" (quoting *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1217 (10th Cir. 2006)).[3]

---

[2] The *Badal* court cited *Intera Corp. v. Henderson,* 428 F.3d 605, 620–21 (6th Cir. 2005), *cert. denied*, 547 U.S. 1070 (2006), which held that "[b]ased upon a plain reading of Fed. R. Civ. P. 41(b), and the facts of this case, … the district court clearly erred when it dismissed Plaintiffs' action for lack of personal jurisdiction 'with prejudice,'" and that "under Rule 41(b), dismissals for lack of personal jurisdiction should be made 'without prejudice.'"  428 F.3d at 620.

[3] *Accord Arocho v. Lappin,* 461 Fed.Appx. 714 (10th Cir. 2012) (unpublished) (district court's adoption of "the magistrate judge's recommendation to dismiss with prejudice" was "contrary to the established rule that dismissals for lack of personal jurisdiction are without prejudice"); *Hollander v. Sandoz Pharm. Corp.,* 289 F.3d 1193, 1216-1217 (10th Cir. 2002), *cert. denied*, 537 U.S. 1088 (2002) ("we further conclude that the district court should not have dismissed the

**Conclusion**

For the foregoing reasons, the Government respectfully moves for revision of the March 30, 2015 order to reflect that First Kuwaiti is dismissed without prejudice.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

JAMES A. LEWIS
United States Attorney for the
Central District of Illinois

       s/ John A. Kolar
MICHAEL D. GRANSTON
JUDITH RABINOWITZ
JOHN A. KOLAR
RUSSELL B. KINNER
PATRICK M. KLEIN
BRADLEY BRINKMAN
GLENN P. HARRIS

Attorneys, Civil Division
Commercial Litigation Branch
U.S. Department of Justice
P.O. Box 261, Ben Franklin Station
Washington, D.C.  20044
Telephone: 202.307.1089
Facsimile: 202.514.7361

Attorneys for the United States of America

Dated:  April 20, 2015

---

Hollanders' claim against Sandoz, Ltd. with prejudice" because "[i]ts jurisdictional ruling did not address the merits of the Hollanders' allegations as to Sandoz, Ltd., and, as a result, the claim against Sandoz, Ltd. should have been dismissed without prejudice to filing in an appropriate forum) (citing *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1221 (11th Cir.1999) and *Arrowsmith v. United Press Int'l,* 320 F.2d 219, 221 (2d Cir.1963)).

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel* BUD CONYERS, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:12-cv-04095-SLD-JEH ) |
| KELLOGG BROWN & ROOT SERVICES, INC., et al., | ) ) ) ) |
| Defendants. | ) |

**ORDER GRANTING THE UNITED STATES' MOTION FOR
RECONSIDERATION OR, IN THE ALTERNATIVE,
FOR REVISION OF DISMISSAL ORDER UNDER RULE 60(a)**

The United States of America has moved for reconsideration, or, in the alternative for revision under Rule 60(a) of the Federal Rules of Civil Procedure, of the Court's order of March 30, 2015, dismissing with prejudice defendant First Kuwaiti Trading & Contracting, and all of the First Kuwaiti entities identified in the Government's First Amended Complaint for lack of personal jurisdiction.  Specifically, the United States moves to change this dismissal to "without prejudice."  Good cause having been shown therefor, it is hereby:

ORDERED that the March 30 2015 Order shall be changed, *nunc pro tunc,* to a dismissal without prejudice as to defendant First Kuwaiti Trading & Contracting, and all of the First Kuwaiti entities identified in the Government's First Amended Complaint.

Entered this _____ day of _____, 2015

_____
SARA DARROW
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following attorneys of record in this case on April 20, 2015 via the Court's electronic filing system:

Peter F. Garvin III
Grant H. Willis
Meghan E. Greenfield
JONES DAY
51 Louisiana Avenue, NW
Washington DC 20001

*Counsel for First Kuwaiti Trading & Contracting, WLL*

Victor A. Kubli
The Law Office of Victor A. Kubli, PC
13948 Bromfield Road
Germantown, MD 20874

*Counsel for Relator Bud Conyers*

Craig D. Margolis
Tirzah S. Lollar
David E. Hawkins
Vinson Elkins LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

*Counsel for Kellogg Brown & Root Defendants*

                                                        s/ John A. Kolar